UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re *Ex Parte* Application of<br><br>Dr. Animesh Mishra,<br><br>    Applicant. | Case No.  22-cv-08923-BLF<br><br>**ORDER GRANTING *EX PARTE* APPLICATION TO AUTHORIZE FOREIGN DISCOVERY**<br><br>[Re: ECF No. 1] |

On December 16, 2022, Applicant Dr. Animesh Mishra filed an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain limited discovery from Google, LLC and RateMDs, Inc. ("Respondents") in connection with a potential legal action in Australia. *See* ECF No. 1-1 ("App."). For the reasons set forth below, the Court GRANTS the application.

I.   **BACKGROUND**

Dr. Mishra is a gastroenterologist and hepatologist in Benowa, Queensland, Australia. ECF No. 1-3 ("Mishra Decl.") ¶ 2. He relies on his online public profile, including fora hosted by Google and RateMDs, to grow his clientele. *Id.* His business has a profile on Google Maps, and he has a profile on RateMDs. *Id.* ¶¶ 5, 7.

Dr. Mishra states that there have been several fake negative reviews posted about him on Google and RateMDs. Mishra Decl. ¶¶ 9-13, Exs. B-E. He also states that certain individual(s) have given a "thumbs-up" to his negative reviews and "flagged" his positive reviews to alert moderators they should be removed. *Id.* The defamatory Google Reviews were posted by "D Hartly" and "michael Fredrick." *Id.* ¶¶ 12-13, Exs. D-E.

Dr. Mishra seeks to file a lawsuit in Australia against those individual(s) who posted the

1    reviews.  Mishra Decl. ¶ 23.  His Australian attorney states that the actions constitute defamation

2    under the common law of Queensland and the State of Queensland's Defamation Act (2005) (the

3    "Act").  ECF No. 1-4 ("Steele Decl.") ¶ 4.  Pursuant to the Act, the attorney has prepared a

4    "concerns notice" as the first step towards initiating legal proceedings.  *Id.* ¶ 5, Ex. D.  He plans to

5    send those notice(s) to the appropriate person(s) upon learning their identities to initiate the civil

6    litigation.  *Id.* ¶ 6.

7          Applicant is seeking to subpoena Google and RateMDs to learn the identity of the persons

8    who posted, interacted with, and viewed the identified reviews.  ECF No. 1-2 ("Donlon Decl.") ¶

9    1; *see* ECF Nos. 1-5 (Google subpoena), 1-6 (RateMDs subpoena).  The subpoenas seek

10   documents or testimony about the identities of those who posted the defamatory reviews, those

11   who interacted with the defamatory reviews, and those who had access to the reviews.  App. at 10.

12   The subpoenas seek "any information relating to the identity and contact information, including

13   names, user names and account information (from Google or RateMDs or from any social media

14   provider through which Google or RateMDs were accessed), email addresses, residential

15   addresses, postal code, telephone numbers, and computer/device IP addresses (including location

16   of the IP address), of 'D Hartly,' of 'michael Fredrick,' of those persons who made the anonymous

17   defamatory reviews, of those who had access to the defamatory reviews and therefore may have

18   read them, of those who gave a thumbs-up to the defamatory reviews, of those who took

19   screenshots of the reviews, and of those who flagged positive reviews since March 11, 2022."  *Id.*

20   at 10-11.  They also seek "any other communications that Respondents have received from and

21   sent to the foregoing persons by any means, including email, texts, social media communications,

22   etc."  *Id.* at 11.

23         Applicant filed an *ex parte* application asking this court to authorize the serving of this

24   subpoena on Respondent.  App.

25   **II.   LEGAL STANDARD**

26         Section 1782 provides, in relevant part:

27         The district court of the district in which a person resides or is found may order him
      to give his testimony or statement or to produce a document or other thing for use

28

> in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The statute's purpose is "to provide federal-court assistance in the gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Instead, a district court has discretion to authorize discovery under Section 1782. *Id.* at 260-61. In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65. In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

Section 1782 applications are generally considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v.*

*Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

## III.   DISCUSSION

### A.   Statutory Requirements

Applicant's request satisfies the requirements of Section 1782. First, the statute requires that the respondent be found in the district. A business entity is "found" in the judicial district where it is incorporated or headquartered. *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases). Google is headquartered in Mountain View, California. Donlon Decl. ¶¶ 3-4, Exs. A-B. And RateMDs is incorporated in Santa Clara County, California. Donlon Decl. ¶¶ 10-11, Exs. G-H. Both are within this district, so this requirement is met.

Second, the discovery must be for use in a proceeding in a foreign tribunal. For a proceeding to meet this requirement, it need not be "pending" or "imminent"; it need only be "within reasonable contemplation." *Intel*, 542 U.S. at 259. Here, a civil lawsuit is within reasonable contemplation because Dr. Mishra has declared that he intends to bring a lawsuit under Australian law once he learns the identity of the putative defendant(s). Mishra Decl. ¶ 23. He has already retained counsel for the purpose of doing so. Mishra Decl. ¶ 23; *see also* Steele Decl. ¶ 1, Donlon Decl. ¶ 1. Further, his attorney has prepared a "concerns notice," which is the first step towards starting this civil litigation in Australia. Mishra Decl. ¶ 23; Steele Decl. ¶¶ 5-6.

Third, an application under Section 1782 must be brought by an "interested person." A litigant in a foreign proceeding is an "interested person" for purposes of Section 1782. *Intel*, 542 U.S. at 256-57. As the putative plaintiff in the civil lawsuit, Dr. Mishra is an interested person. Mishra Decl. ¶ 23.

4

### B.   Discretionary *Intel* Factors

The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of the Court granting the application.

#### 1.  Respondents are not participants in the foreign action.

The first factor, whether the respondent is a participant in the foreign action, supports obtaining discovery from entities who are not parties in the foreign tribunal. *Intel*, 542 U.S. at 264.  "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*  Here, Google and RateMDs will not be parties or participants in the Australian civil lawsuit.  Mishra Decl. ¶ 23; Steele Decl. ¶ 6.  This factor therefore weighs in favor of granting the application.

#### 2.  Australian courts are receptive to U.S. judicial assistance.

The Supreme Court next requires a district court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.  "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016).

Dr. Mishra's Australian counsel submitted a declaration stating that Australian courts are receptive to receiving discovery from the United States.  Steele Decl. ¶ 7.  Further, his counsel submitted a copy of a decision of the Federal Court of Australia with similar facts to those here, in which the court states that the plaintiff in that case obtained the IP address of the individual who posted the defamatory review from RateMDs through a subpoena.  *Id.* ¶¶ 9, Ex. G.

The Court is not aware of any directive from Australia against the use of Section 1782 evidence.  *See In re Jt. Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) ("Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in 'providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation and international

aspects.'" (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995))). Finally, courts in this district have previously granted Section 1782 discovery for use in proceedings in Australia. *See, e.g.*, *In re Ching Chung Taoist Ass'n of Hong Kong Ltd.*, No. 3:16-mc-80157-LB, 2016 WL 5339803 (N.D. Cal. Sept. 23, 2016); *Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.*, No. C 12-80242 EJD (PSG), 2013 WL 256771 (N.D. Cal. Jan. 23, 2013). Therefore, this factor weighs in favor of granting discovery.

### 3. There is no circumvention of foreign discovery procedures.

The third factor asks a court to consider whether the applicant is aiming to circumvent the foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. This factor will weigh in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014).

Here, there is no reason to believe that Applicant is seeking to circumvent Australian evidence laws. *See* App. at 16. Absent any evidence to the contrary, this factor weighs in favor of granting discovery.

### 4. The request is not unduly burdensome or intrusive.

Finally, the last *Intel* factor asks a court to consider whether the proposed discovery is overly burdensome or intrusive. 542 U.S. at 265. The subpoenas seek information from Google and RateMDs about the identities of the individuals who made and interacted with the defamatory posts, as well the number of people who viewed the posts. *See* App. at 10-11; ECF Nos. 1-5, 1-6. This information is necessary to determine the identity of the putative defendant(s) and the amount of damages, respectively. App. at 16-17. To the extent Respondents assert that any of the information sought by Applicant is burdensome or confidential or proprietary, it can bring a motion to quash or the parties can enter a protective order. *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-mc-80215-WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering similar options to Respondents).

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS the *ex*

*parte* application authorizing discovery under 28 U.S.C. § 1782(a).

Dated:  December 23, 2022

_____
BETH LABSON FREEMAN
United States District Judge